107768-7

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CASE NO. 3:23-cv-00424

ORANGE DESTIN PROPERTIES, L.L.C.,

  Plaintiff,

vs.

DAVID J. DISIERE,

  Defendant.

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant David J. Disiere ("Disiere") by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 12 and the Local Rules and files his Answer and Affirmative Defenses to the Complaint and further states:

1. Admitted only that the Complaint purports to assert a claim for specific performance and that the amount in controversy exceeds $30,000.00 exclusive of interest, costs and attorney's fees.  Otherwise, denied.
2. Admitted only that the parties entered into a certain contract for the purchase and sale of the Property, and that the contract was terminated.
3. Admitted for jurisdictional purposes only.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted that the Purchase Price was $7,375,000.00 and that the Contract provided that the Buyer would pay cash for the Property with no financing contingency.  The Contract speaks for itself.
8. Admitted only that the Contract included a "check" in the box for "No Due Diligence Period."  To the extent it is alleged that this excused Seller of any

CASE NO. 22CA433

disclosure obligations as to this transaction, denied.  The Contract speaks for itself.

9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted only that closing did not take place on or by August 15, 2022. Both parties understood and agreed that the closing would not take place on August 15, 2022.
13. Admitted only that counsel for Orange Destin Properties LLC ("Orange Destin") sent Disiere a letter on or about August 31, 2022 alleging that Disiere was in "default" and that "[i]f you close within the next 10 days then we will not proceed to suit and waive the claim for additional damages." Denied that Disiere was in default or that Orange Destin was entitled to any of the relief stated in the letter.
14. Admitted that Disiere did not close on the Property within 10 days of receipt of the "Notice" attached as Exhibit C.  Denied that Disiere was in default or had any obligation to cure.
15. Denied.
16. Admitted only that a portion of the Contract has been copied in the Complaint, though denied that the Contract contains the same emphasis stated in the Complaint.  The Contract speaks for itself.  Denied that Orange Destin is entitled to specific performance.
17. Admitted only that a portion of the Contract has been copied in the Complaint.  The Contract speaks for itself.

## COUNT I: SPECIFIC PERFORMANCE

18. Disiere reincorporates his answers to the allegations of Paragraphs 1-17 herein.
19. Admitted only that Orange Destin has asserted a claim in equity.  Denied that Disiere is in default or that Orange Destin is entitled to any of the relief sought in the Complaint.
20. Admitted only that specific performance is considered an equitable as opposed to legal remedy.  Denied that Orange Destin is entitle to specific performance.
21. Admitted only that the Contract states that the Seller "may proceed in equity to enforce Seller's rights under this Contract" if the Buyer "fails, neglects or refuses to perform Buyer's obligations under this Contract."  The Contract

CASE NO. 22CA433

speaks for itself.  Denied that Disiere was in default and/or that Orange Destin is entitled to specific performance.

22. Denied.

23. Admitted only that the Complaint purports to assert a claim for specific performance.  Denied that Disiere is required to close on the Property or pay the remainder of the Purchase Prices in the amount of $7,300,000.00.

Denied that Orange Destin is entitled to any of the relief set forth in the Wherefore clause.

## AFFIRMATIVE DEFENSES

1. As his first Affirmative Defense, Disiere avers that Orange Destin has failed to join parties under Rule 19 including the Seller's broker, the Buyer's broker and the escrow agent.

2. As his second Affirmative Defense, Disiere avers that the Contract was properly terminated, thus releasing him from any further obligations subject to Orange Destin's right to retain the Earnest Money Deposit.

3. As his third Affirmative Defense, Disiere avers that Orange Destin made an offer after the Contract was terminated, which constitutes a revocation of the Contract.

4. As his fourth Affirmative Defense, Disiere avers that Orange Destin should be estopped from seeking specific performance.

5. As his fifth Affirmative Defense, Disiere avers that Orange Destin the Contract does not provide for specific performance.

6. As his sixth Affirmative Defense, Disiere avers that in the event that Orange Destin had a right to seek specific performance, which is expressly denied, Orange Destin waived that right.

7. As his seventh Affirmative Defense, Disiere avers that Orange Destin has an adequate remedy at law.

8. As his eighth Affirmative Defense, Disiere avers that Orange Destin is not clearly entitled to specific performance, and, therefore, judicial discretion dictates the request be denied.

9. As his ninth Affirmative Defense, Disiere avers that justice does not require specific performance, and, therefore, judicial discretion dictates the request be denied.

10. Discovery is ongoing and Disiere reserves the right to assert additional affirmative defenses.

CASE NO. 22CA433

## DEMAND FOR ATTORNEY'S FEES AND COSTS

Disiere hereby demands his costs and fees as the prevailing party, including reasonable attorney's fees, pursuant to ¶ 17 of the Contract.


Dated:      1/18/2023

Respectfully submitted,


 /s/ Jordan S. Cohen
Jordan S. Cohen, Esquire (551872)
JCohen@wickersmith.com
WICKER SMITH O'HARA
   McCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone:  (954) 847-4800
Facsimile:   (954) 760-9353
Attorneys for David J. Disiere


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on January 18th, 2023, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.


 /s/ Jordan S. Cohen
Jordan S. Cohen, Esquire

- 4 -