UNITED STATES DISTRIC COURT
NORTHERN DISTRICT OF FLORIDA

ORANGE DESTIN PROPERTIES,    CASE NO. 3:23-cv-00424
L.L.C.,

      Plaintiff,

vs.

DAVID J. DISIERE,

      Defendant.

_____/

### DEFENDANT'S POST-SUMMARY-JUDGMENT BRIEF

Defendant, David Disiere, by and through undersigned counsel files this brief as required under the Court's Order Denying Motion for Summary Judgment and Setting Briefing Schedule. [D.E. 31]. The Court instructed Defendant to brief three issues, and in compliance with said Order, Defendant provides as follows:

[*remainder of page left blank*]

1

# ARGUMENT

**I. Whether Florida law permits oral modifications to land sale contracts. In particular, the parties should address the applicability of any exceptions to the Statute of Frauds assuming the Statute of Frauds applies.**

A. <u>Plaintiff waived the need to terminate the contract in writing by accepting Defendant's oral termination.</u>

Florida law permits a contract subject to the statute of frauds to be modified via the doctrine of waiver.

It is well settled that "[a] party may waive any right to which he is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution. This is not in conflict with the rule that the terms of a sealed contract cannot be changed by parol." *Gilman v. Butzloff*, 155 Fla. 888, 891, 22 So. 2d 263, 265 (1945) (citations omitted). Waiver can be either express or implied, and is not necessary for the party asserting waiver to establish reliance. *See DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 97 (Fla. 2013). As the Florida Supreme Court acknowledged, waiver and estoppel are similar, but distinct concepts. *Id.*

In *DK Arena*, the issue was whether the parties to a contract to sell land could orally agree to a new inspection period wherein the contract could be terminated at any time. *Id.* at 88, 91. After concluding promissory estoppel was not an applicable exception, the court turned to "waiver." *Id.* at 97. The court noted that waiver had been used in the context of the statute of frauds to excuse untimely performance, but

2

it did not hold waiver was limited to that application. *Id.* at 97–98. The court in *DK Arena* concluded that "an agreement which created an extended due diligence period under which [purchaser] held an unqualified right to terminate the contract" could not be the subject of "waiver." *Id.* at 98.

Following *DK Arena*, in an unpublished opinion, the Eleventh Circuit considered the waiver doctrine in a statute of frauds case. *Gatti as Tr. of Twin Palms, Inc. v. Goodman*, 780 F. App'x 808, 811 (11th Cir. 2019). *Gatti* concerned the sale of a property which included a fishing camp. The owner agreed to sell the camp to the buyer and the contract included written terms, which included the buyer making annual payments and paying off the mortgage. Later, there was an oral agreement where the buyer would allow seller to operate the camp, keep the profits, and pay the mortgage and taxes. *Id.* at 810. The plaintiff brought an action for remedies at law **and** equitable relief, *i.e.,* specific performance. *Id.* at 810. On appeal, the court held this oral agreement was unenforceable under the waiver doctrine. It looked to *DK Arena*, and concluded that the argument in *Gatti* "was not a simple delay in performance but created an entirely new payment structure." *Id.* at 811. And the court indicated that creating a new payment structure did not waive an existing right by comparing the facts of the case to the statement of law in *Gilman*. *See Gatti as Tr. of Twin Palms, Inc.*, 780 F. App'x at 812 ("the facts in this case fall far short of the waiver doctrine as described in *Gilman*: We have held that waiver is the

3

intentional relinquishment of a known right. It is necessary that the acts, conduct, or circumstances relied upon to show waiver should make out a clear case." (cleaned up)).

While *DK Arena* and *Gatti* were clear that waiver cannot be used to create a new right or obligation, it can be used to waive a right that was previously held by contract. A contract creates one party's right to timely performance from the other party, and that right which exists can be waived. Similarly, here, the Contract created Plaintiff's right to a written termination from the other party, and that right can be waived. In the case at bar, the Contract provided that any modification be in writing. The Contract also provided the buyer the opportunity to terminate. Contract, [D.E. No. 22-3]. On July 14, 2022, Defendant informed his real estate agent he no longer wanted to close on the Property. Disiere Decl. at ¶ 10, [D.E. 26-1]. The termination was then communicated by his real estate agent to Plaintiff's realtor. *Id.* at ¶ 10 – 11. The termination was communicated on July 14. Disiere understood the contract to be terminated. *Id.* at ¶ 14. And so did Plaintiff. In fact, Plaintiff understood and accepted this cancelation where the Plaintiff, through its agent, communicated reduced prices to persuade Disiere to re-think the termination and close on the property. [D.E. 26-2].

Plainly, Defendant always had the right to terminate the Contract, which he did. The only issue is the *form* in which the termination was communicated. Stated

4

differently, the only issue is the word "writing" in the Contract's modification clause. Contract at ¶ 15. Plaintiff accepted the termination and tried to negotiate a new contract. [D.E. 26-2]. It therefore waived its right to have the contract modified in "writing." Once waived, a contract right cannot be unilaterally revived. *See Thomas N. Carlton Est. v. Keller*, 52 So. 2d 131, 133 (Fla. 1951) ("When a party waives a right under a contract he cannot, without the consent of his adversary, reclaim it." (citation omitted)). Thus, Plaintiff cannot now seek to force the sale of the terminated Contract on the technicality that the otherwise-valid termination that Plaintiff accepted was made verbally.

Because Plaintiff accepted the oral termination of the Contract, Plaintiff waived the right to require the contract be terminated in writing. *See* D.E. 27 at 11–12. Indeed, the statute of frauds cannot shield Plaintiff from the termination Plaintiff accepted.

B. Alternatively, oral modification of the Contract was enforceable under *Cahill*.

It is a well-established contract principle that a contract may not be modified by an oral or parol modification where an agreement is final, or its terms provide modifications must be in writing; however, such modification is effective when the oral modification has been "accepted *and* acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it." *See Professional Ins.*

*Co. v. Cahill*, 90 So. 2d 916, 918 (Fla. 1956) (emphasis added). The court in *Cahill* acknowledged a defendant's ability to plead a defense, *i.e.,* an oral modification does not bar a plaintiff from pleading and proving its side of events or its version of the terms. *Id.* at 918. Against the backdrop of *Cahill*, the Florida Supreme Court decided that promissory estoppel may not be used to enforce a purported modification of a contract subject to the statute of frauds. *See DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 97 (Fla. 2013); *Tanenbaum v. Biscayne Osteopathic Hosp., Inc.*, 190 So. 2d 777, 778 (Fla. 1966).

The Court can apply *Cahill* to this case. Plaintiff abandoned the statute of frauds defense by failing to assert it in its motion for summary judgment, or in an earlier pleading. Absent a valid statute of frauds defense, *Cahill* applies.

Even assuming *arguendo* the statute of frauds prevents the oral termination of this land sale contract, which is expressly denied, Plaintiff has effectively waived this defense having failed to raise the defense in response to the Defendant's Answer and Affirmative Defenses or in its motion for summary judgment. Rather, the Plaintiff waited until the reply in support of its motion for summary judgment to raise this defense. This is prejudicial where the parties were not afforded a time to fully litigate and gather information related to this purported avoidance, and the Court should find the Plaintiff has abandoned such as defense.

6

Notwithstanding the Plaintiff's acceptance of the termination as referenced above, even if the contract was one that falls within the ambit of the statute of frauds, that is not the end of the inquiry. The statute of frauds is a defense that can be waived or abandoned. *E.g.*, *Foliage Corp. of Fla. v. Watson*, 381 So. 2d 356, 359 (Fla. 5th DCA 1980) ("By failing to plead the statute of frauds in avoidance of defendant's affirmative defense of settlement, plaintiffs waived their right to raise it."). Defendant respectfully submits that Plaintiff abandoned the avoidance of the statute of frauds, and the Court should hold Plaintiff to its choice.

Defendant raised the affirmative defense of termination in it is pleading. Def. Ans. and Aff. Def. at p. 3 ¶ 2. Assuming Plaintiff was not required to seek leave to file a reply to the answer, Fed. R. Civ. P. 7(a)(7), the termination defense was "considered denied or avoided." *See* Fed. R. Civ. P. 8(b)(6). Denied means that the plaintiff denies the allegations in the termination defense. "Avoided" in this context is tantamount to an affirmative defense, meaning the plaintiff "admits allegations but pleads additional facts that deprive the admitted facts of an adverse legal effect." Confession and Avoidance, Black's Law Dictionary (11th ed. 2019).

At summary judgment, Plaintiff directly addressed the termination defense by *denying* it, only. *See* D.E. 22 at 16–17 (arguing the defense was "factually inaccurate" and pointing to testimony from Defendant's realtor purportedly illustrating her belief that the Contract needed to be terminated in writing). Plaintiff's

motion for summary judgment did not mention the statute of frauds, let alone avoid the defense by admitting the allegations of the defense but arguing that the termination failed under the statute of frauds. At that point, even if viewed as raised by operation of law under Rule 8(b)(6), the statute of frauds avoidance was abandoned. *See Rd. Sprinkler Fitters Loc. Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) ("It could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment."). Then, out of nowhere, Plaintiff asserted the statute of frauds as an avoidance in its *reply* to its motion for summary judgment. *See* D.E. 27 at 11–12. Plaintiff "raised this argument for the first time in [its] reply brief in support of [its] motion for summary judgment. Thus, [it] waived the argument." *Vinson v. Koch Foods of Alabama, LLC*, 735 F. App'x 978, 982 n.2 (11th Cir. 2018).

Absent a valid statute of frauds defense, the general principles of contract law apply, including *Cahill*. When Defendant pleaded the defense of termination and asserted *Cahill* at summary judgment, Plaintiff had not raised the statute of frauds as a defense or avoidance, effectively abandoning this defense. Due to Plaintiff abandoning the statute of frauds defense, nothing prevents *Cahill* from applying to this case.

**II. Whether the rule set out in *Bilow*, *Bell*, and *Henry* remains good law following *Castigliano* or Whether, as *Castigliano*'s second factor suggests,**

8

**a seller of real estate may have an adequate remedy at law when the buyer breaches.**

A. *Castigliano* accurately states Florida law.

It is well settled that "specific performance of a contract for the sale or lease of land is not a matter of right in either party, but a matter of sound discretion in the court, controlled by settled principles of law and equity applicable to the particular facts." *Topper v. Alcazar Operating Co.*, 160 Fla. 421, 425, 35 So. 2d 392, 394 (1948). The bright line rule set forth by Plaintiff, that "an adequate remedy at law can <u>never</u> exist for a breached land sale contract because real property is considered unique," Order at 7 (emphasis added), expressly removes discretion afforded to courts sitting in equity. But more importantly, it <u>cannot</u> be right because at least one Florida court has determined that "an adequate remedy at law . . . exist[ed] for a breached land sale contract." *See* Order at 7.

In *Ray Richardson, Inc. v. Carlton*, 140 Fla. 229, 191 So. 433 (1939), the Florida Supreme Court affirmed the denial of specific performance because: (1) "The contract was not signed by the wives of appellees so performance would be subject to their rights in the premises"; (2) "[t]he chancellor found that the plaintiff had an adequate remedy at law"; and (3) the chancellor found "that on the whole showing made, the case was not a proper one for specific performance." *Id.* at 433. Of import here, the conclusions in *Ray Richardson, Inc.* mirror the elements

9

articulated in *Castigliano v. O'Connor*, 911 So. 2d 145, 148 (Fla. 3d DCA 2005):
"Specific performance shall only be granted when 1) the plaintiff is clearly entitled
to it, 2) there is no adequate remedy at law, and 3) the judge believes that justice
requires it." *Id.* at 148. *Castigliano*, like *Ray Richardson, Inc.*, accurately articulates
the law in Florida. The Court should apply these elements to this case.

As discussed in the following section, Plaintiff's bright line rule that a party
never must prove the absence of a legal remedy stretches *Bilow*, *Bell*, and *Henry* too
far.[1] They are best limited to their facts and merely an acknowledgment that a non-
breaching party to a land sale contract may generally elect to seek specific
performance as relief. Indeed, under a fair reading, *Bilow*, *Bell*, and *Henry* can be
reconciled with case law requiring a non-breaching party to a land sale contract to
prove that it lacks an adequate legal remedy.

A party seeking specific performance must plead and prove all the elements
in *Castigliano*. Generally, the second element may be satisfied where the party
pleads and proves that it lacks an adequate remedy at law because the subject of the

---

[1] The Court need not determine whether *Bilow*, *Bell*, and *Henry* are "good law"
because this case can be viewed as an exception to *Bilow*, *Bell*, and *Henry*. As a
matter of law, *Castigliano* as an opinion from Florida's Third District Court of
Appeal could not overrule *Bilow*, *Bell*, and *Henry*, from the First, Fourth, and Fifth
Districts, respectively. *See Edney v. State*, 3 So. 3d 1281, 1283 (Fla. 1st DCA 2009)
(noting "a sister district's opinion is merely persuasive" authority in other districts).

contract is land, which is unique. *See Lennar Homes, Inc. v. Dorta-Duque*, 972 So. 2d 872, 880 (Fla. 3d DCA 2007) (concluding after a bench trial "that there is clear, competent and satisfactory proof that the plaintiff does not have a sufficient and adequate remedy at law," citing *Bell*, and discussing the specific evidence and testimony elicited at a bench trial, regarding the property and the plaintiff that supported the court's conclusion that the property was unique to plaintiff).[2] Perhaps under these circumstances, the plaintiff will have satisfied its burden under *Castigliano*'s second element. *See Ray Richardson, Inc.*, 191 So. at 433.

Cases in which a court has found an adequate remedy at law to exist in a claim for specific performance are few and far between, though they do exist. While each case is fact specific, as are most equitable claims, in at least one, the conclusions of the trial court are affirmed without much discussion based on the deference afforded to the chancellor's findings. *See Ray Richardson, Inc.*, 191 So. at 433. Where courts provide some explanation, the cases seem to turn on the conclusion that the non-

---

[2] Interestingly, *Lennar Homes* did not cite to *Castigliano*, but adopted the trial court's findings and conclusions, which can be viewed as consistent with the elements of *Castigliano*. In addition to the adequacy of the legal remedy mentioned above, the court found that the plaintiffs were clearly entitled to their relief because the defendant breached the settlement agreement, and plaintiff performed under it, *Lennar Homes, Inc.*, 972 So. 2d at 879 (para. no. 21); and that justice required specific performance because plaintiff did nothing wrong with respect to the negotiation and performance, *See id.* (para. no. 22), and because plaintiff's consideration for the transaction was giving up an appeal, which was then time barred. *See id.* at 880–81 (para. no. 26).

breaching party is adequately compensated with breach of contract damages. *DiMauro v. Martin*, 359 So. 3d 3, 9 (Fla. 4th DCA 2023) (acknowledging that although land is considered unique, the court had the discretion to grant or deny specific performance and stated the plaintiff had an adequate remedy at law, specifically money damages for a breach of contract); *Bird Lakes Dev. Corp. v. Meruelo*, 626 So. 2d 234, 238 (Fla. 3d DCA 1993) ("[T]he trial court was correct in refusing to grant specific performance, an equitable remedy, where [the plaintiff] was adequately compensated for the breach by damages at law, including loss of bargain damages for all the sites that were the subject of the contract."). *See also Blue Lakes Apartments, Ltd. v. George Gowing, Inc.*, 464 So. 2d 705, 709 (Fla. 4th DCA 1985) ("Under the facts of this case, compensatory damages appropriately included loss of the buyer's bargain, which is the difference between the value of the property at the time of breach and the contract price." (cleaned up)).

The instant case falls squarely within this paradigm. Plaintiff alleged, and therefore admitted,[3] that there is an adequate remedy at law available. Specifically,

---

[3] "[A] party is bound by the admissions in his pleadings." *Best Canvas Prod. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) (collecting cases). "[F]acts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941). Thus, once admitted, the admitting party may not subsequently make a contrary claim to the admitted fact. *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir.

Plaintiff admits the adequacy of the legal remedy is contingent on the value of the Property at the time of the alleged breach to have decreased by more than to the amount of earnest money. Pl. Compl. at 5 ¶ 22, [D.E. 1-1]. *See also* D.E. 26 at 14–15. In the rare occasions where plaintiffs seeking solely equitable remedies allege that they have an adequate legal remedy, courts hold them to their pleadings. *See Balian v. Wekiwa Ranch*, 97 Fla. 180, 185, 122 So. 559, 561 (1929) (holding complaint to enforce a contract to convey land to be inadequate for equitable relief where it alleged a breach resulting "in damages to complainant, for which he has an adequate remedy at law"); *Mack Roth, Inc. v. Gardiner*, 96 Fla. 691, 696, 118 So. 728, 729 (1928) ("All bill of complaint which shows on its face that the complainant has an adequate remedy at law is not good against a demurrer."). As argued in response to Plaintiff's motion for summary judgment, the record in this case shows that the value of the Property was **<u>not</u>** less than the deposit on the day of the alleged breach. D.E. 26 at 15–16. Therefore, as alleged and on this record, Plaintiff's remedy at law in this case is adequate. *See* Pl. Compl. at 5 ¶ 22, [D.E. 1-1]. Accordingly, specific performance can be denied on this basis. *See DiMauro*, 359 So. 3d at 9; *Bird Lakes Dev. Corp.*, 626 So. 2d at 238.

      B.   <u>Plaintiff stretches *Bilow*, *Bell*, and *Henry* beyond reason to support the ridged, bright line rule.</u>

---

2009); *Holub v. Holub*, 54 So. 3d 585, 587 (Fla. 1st DCA 2011) ("[T]he parties are bound by their pleadings-admissions in pleadings need not be proven further.").

*Bilow*, *Bell*, and *Henry* should not be read to establish a per se rule that a party seeking specific performance is never required to plead and prove the absence of an adequate legal remedy. In context, those cases are much more limited and easily distinguishable. Because Plaintiff (impermissibly) cited *Bell* in its pleading, Defendant will begin with that case before addressing *Henry* and *Bilow*.

1.  *Bell is distinguishable from the case at bar because Defendant does not allege that the mere existence of the deposit is an adequate legal remedy.*

Typically, where a buyer breaches a land sale contract the seller has two options. First, the seller may elect to keep the property and seek damages for breach, which are calculated as the difference between the contract price in the land and the value of the land on the day of the breach. *Frank Silvestri, Inc. v. Hilltop Devs., Inc.*, 418 So. 2d 1201, 1203 (Fla. 5th DCA 1982). Second, the seller may elect to seek specific performance of the contract. *Id.* Whichever path is chosen, the non-breaching party must plead and prove all elements of its claim. *See Ray Richardson, Inc.*, 191 So. at 433 (affirming denial of specific performance where trial court concluded non-breach party had an adequate legal remedy); *Frank Silvestri, Inc.*, 418 So. 2d at 1203 (reversing judgment for damages where there was "no evidence of the fair market value of the property on the date of the breach of contract").

14

Because the seller typically has the option to elect to pursue legal or equitable relief, occasionally, a buyer argues that the mere existence of a contract provision allowing the seller to keep the buyer's deposit in the event of a buyer's breach constitutes an adequate remedy at law so as to defeat specific performance. That was the issue in *Bell*. There, the trial court "denied specific performance to the sellers of real property, . . . based on a finding that the purchasers had a right under the purchase and sale agreement to avoid the contract by forfeiting their deposit." 435 So. 2d at 841. On appeal, the court looked to the contract, which provided that if the buyer breached, the deposit would be used to pay the broker's fee with the remaining amount paid to the seller. *Id.* And this provision did not affect the right of either party to bring an action under the contract. *Id.* The court determined that contract provision was not a liquidated damages clause and did not permit buyer the right to avoid the contract. *Id.*

Then, the court discussed the adequacy of the legal remedy. Citing *Frank Silvestri, Inc.*, the court in *Bell* reasoned specific performance is uniquely capable of rectifying a breach of a real estate contract. *Id.* at 842. But that is not what *Frank Silvestri* says. As referenced above, *Frank Silvestri* stated that a party may elect to seek specific performance or damages and identified the proper measure of damages in the event of a breach. 418 So. 2d at 1203. The obvious implication is that such damages *would* be an adequate legal remedy — if the aggrieved seller elected to

15

pursue damages as a remedy. *Cf. Jay Vee Realty Corp. v. Jaymar Acres, Inc.*, 436 So. 2d 1053, 1055 (Fla. 4th DCA 1983) ("[A] seller of land may contractually limit his remedy to liquidated damages and forego the remedy of specific performance without destroying mutuality of remedy." (citation omitted)). Accordingly, *Bell*'s statement of law cannot be read for all its worth because it would mean that even if the non-breaching party to land sale contract <u>elected</u> to pursue damages instead of specific performance, the non-breaching party would not have an adequate legal remedy. That cannot be right. Of course, courts must look to the plaintiff's allegations to determine what remedy the party believes to be adequate. Therefore, *Bell* stands for the unremarkable proposition that where the contract permits the non-breaching seller to keep the buyer's deposit, does not contain a liquidated damages clause, and otherwise does not limit a party's remedies, the deposit itself is not an adequate legal remedy to bar a claim for specific performance. *Id.* at 842.

*Bell* is readily distinguishable from the case at bar. Unlike *Bell*, where the buyer argued that the non-breaching seller's use of the deposit consistent with the contract was an adequate legal remedy to bar specific performance; here, the seller <u>alleged</u> that it lacks an adequate legal remedy because the market value at the date of the breach was less than the amount of the liquated damages provision in the contract, and the record shows that market value on that date was not less than the

16

amount of liquated damages. Thus, unlike *Bell*, in this case it is the <u>seller</u> that has determined its liquidated damages are an adequate legal remedy.

        2.  *Henry's statement of law conflicts with the Florida Supreme Court and the court did not apply its sweeping ruling in the case.*

*Henry* is factually distinguishable, as there the buyers who sought specific performance were already in possession of the subject property. 415 So. 2d 137, 139–40 (Fla. 5th DCA 1982). Citing no authority, the court in *Henry* stated "[s]ince all land is considered unique, money damages to a contract purchaser of lands is an inadequate remedy at law" and that "specific performance of contracts for the sale and purchase of real property is generally granted as a matter of right where their terms are fair, certain and definite and they have been entered into without misunderstanding or misrepresentation." *Id.* at 140.

*Henry*'s rule sweeps too broadly for the same reason as *Bell*. Taken at face value, *i.e.*, if "all land is considered unique" which renders "money damages to a contract purchaser of lands is an inadequate remedy at law," then a party could never elect to sue for breach seeking damages as a remedy. Further, *Henry*'s rule that specific performance is "a matter of right," *id.* at 140, is facially incongruous with the settled rule that "specific performance of a contract for the sale or lease of land is <u>not a matter of right</u> in either party, but a matter of sound discretion in the court." *Topper*, 35 So. 2d at 394 (emphasis added). *See also Rybovich Boat Works, Inc. v.*

*Atkins*, 585 So. 2d 270, 272 (Fla. 1991) ("Our case law is clear that the remedy of specific performance is not a matter of right."). Despite *Henry*'s impermissibly rigid statement of the law, it seems the court weighed the equities in light of the facts of the case when specific performance was warranted. 415 So. 2d at 139–40 (concluding that because the buyers had possessed the property for over a year "there is no way for this controversy to be concluded fairly to both parties except for a court of equity to direct specific performance of the contract with the necessary equitable adjustments").

> 3. Bilow*'s statement of the law is dicta, or alternatively, simply inapplicable to this case.*

*Bilow* factually similar to *Bell*. In *Bilow*, the parties entered into a real estate contract which included the following provision:

> If Buyer fails to perform this contract within the time specified, (including payment of all deposits hereunder), the deposit(s) paid by the Buyer may be retained by or for the account of Seller as liquidated damages, consideration for the execution of this Contract and in full settlement of any claims; whereupon Buyer and Seller shall be relieved of all obligations under the Contract; or Seller, at Seller's option, may proceed at law or in equity to enforce Seller's legal rights under this Contract.

519 So. 2d at 1117 (hereafter, the "Default Provision"). Thereafter, the parties added a hand written clause stating as follows: "It is understood and agreed that out of the above deposit that the mortgage payments be brought to date and $1500 be paid to seller for her immediate needs. Seller will pay documentary stamps on deed." *Id.* at

18

1115 (hereafter, the "Handwritten Provision"). "The deal did not close, and Bilow filed her complaint for specific performance and damages." *Id.* At trial, though not in its pleadings, the defendant alleged as a defense that by using some of the deposit the seller elected liquated damages and the buyer's deposit was forfeited, thus specific performance was not available. The trial court agreed and denied specific performance. *Id.* at 1116–17.

The First District reversed. It held that the defense was waived below and it was error for the trial court to enter judgment in defendant's favor based on the un-pleaded defense. *Id.* at 1117. Alternatively, the First District concluded the trial court erred on the merits. The contract permitted the seller to use some of the deposit prior to the buyer's default, and the seller's "use of the monies in accordance with the contract terms is insufficient to support a finding that Bilow elected to accept the deposit as liquidated damages." *Id.* The court reasoned the Default Provision was neither "inconsistent with nor mutually exclusive of the [H]andwritten [P]rovision authorizing use of the deposit monies." And that under the Default Provision the buyer could elect whether to sue for breach of specific performance, which statement was supported by a footnote: "Because real property is considered unique, a seller of real property is entitled to seek specific performance of the contract of sale." *Id.* at 1117 n.1 (citing *Henry*).

19

*Bilow* is similar to *Bell*, and unlike the case at bar. Here, Defendant does NOT argue, that standing alone, Plaintiff's contractual right to retain the deposit in the event of a breach by Defendant constitutes an adequate legal remedy to prohibit specific performance. Rather, Plaintiff alleged and therefore admitted it lacks an adequate legal remedy *if* the value of the property at the time of the breach was equal to or greater than Defendant's deposit.

In any event, at best, the footnote in *Bilow* is merely an acknowledgment that, where a contract permits, a seller <u>may</u> elect to bring a claim for specific performance. The footnote does not support that proposition that a party seeking specific performance was absolved of its obligation to plead and prove that it lacks an adequate legal remedy. The footnote is also dicta.

All told, *Bilow*, *Bell*, and *Henry* do not state the per se rule that a party seeking specific performance of a land sale contract is never required to plead and prove the absence of an adequate legal remedy. Nor do they hold that a plaintiff who has pleaded that the adequacy of its legal remedy turns of the value of the property on the date of the breach, is somehow able to ignore its binding allegations. Accordingly, because Plaintiff is bound to its pleading, and the record in this case, regarding adequate legal remedy, even assuming the *Bilow*, *Bell*, and *Henry* line of cases are good law, they do not control this case.

20

### III. This Court is not bound to apply the "contract only" rule because *Celano* is not a "contract only" rule case.

Defendant concedes that in the event of a direct conflict between the holding of Florida's First District Court of Appeal and another district, sitting is diversity, this Court must follow the holding of the First District. *See Bravo v. United States*, 532 F.3d 1154, 1164 (11th Cir. 2008) ("look[ing] to the decisions of the Florida appellate court that would have had jurisdiction over an appeal in this case had it been filed in state court" when faced with a conflict among Florida's district courts of appeal); *Ellis v. Pilot Travel Centers LLC*, No. 4:19CV219-MW/MAF, 2020 WL 13469724, at *1 n.1 (N.D. Fla. Apr. 16, 2020) ("To the extent there is a conflict, this Court is bound to follow the First District Court of Appeal's decision in Brookie." (citation omitted)). Defendant stresses this rule *only* applies where the First District has actually decided an issue in the holding of an opinion and that holding conflicts with the holding of another district court. All district court opinions are Florida law, and absent an "interdistrict conflict, district court decisions bind all Florida trial courts." *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) (citation omitted).

Here, Florida's hierarchy of courts rule does not oblige this Court to follow *Celano* because *Celano* does not apply the "contract only" rule as part of its holding.

The "entire case" rule states that the plaintiff must establish all aspects of its case by the heightened evidentiary standard of "clear, definite and certain" proof.

21

Order at 9. This necessarily includes establishing the contract by the "clear, definite and certain" standard. The "contract only" rule limits the application of the heightened evidentiary standard to one aspect of the case—the contract. Order at 9. Accordingly, both the "entire case" rule and the "contract only" rule agree that the contract must be established by "clear, definite and certain" proof.

The overlap between the "contract only" rule and the "entire case" rule effects the reading of *Celano v. Dlabal*, 591 So. 2d 653 (Fla. 1st DCA 1991). In that case, the First District stated that the party seeking specific performance must "establish the oral contract by clear, definite and certain proof," and simply held that plaintiff did not establish the oral contract by clear, definite and certain proof. *Id.* at 655. Respectfully, this does not mean that *Celano* applied the "contract only" rule. Indeed, under the "entire case" rule, a plaintiff that fails to "establish the oral contract by clear, definite and certain proof," would not be entitled to specific performance, either. The court in *Celano* did <u>not</u> hold the heightened evidentiary standard was inapplicable to the rest of the plaintiff's case because it did not reach that issue. Accordingly, the Court should not read *Celano* as a "contract only" rule case. Bolstering this conclusion, the cases cited in *Celano* and acknowledged by this Court — *Unatin v. Hudon*, 383 So. 2d 1131, 1132 (Fla. 5th DCA 1980) and *Hi-Acres Groves, Inc. v. Bassett*, 338 So. 2d 1076, 1077 (Fla. 4th DCA 1976) — applied the "entire case" rule. Order at 9–10.

22

Simply put, the court in *Celano* did not expressly state that the other elements for specific performance are subject to the preponderance of the evidence standard; rather, it stated the plaintiff failed to meet the heighted evidentiary standard to prove the contract existed.

To the extent the Court reads *Celano* to *imply* that the other elements it articulated for specific performance are only subject to the preponderance of the evidence standard, that statement of law is not binding on this Court. "Any statement of law in a judicial opinion that is not a holding is dictum." *Pedroza v. State*, 291 So. 3d 541, 547 (Fla. 2020) (citation omitted). *See also State ex rel. Biscayne Kennel Club v. Bd. of Bus. Regul. of Dep't of Bus. Regul. of State*, 276 So. 2d 823, 826 (Fla. 1973) (noting statement in district court's opinion "was not essential to the decision of that court and is without force as precedent"); *Lewis v. State*, 34 So. 3d 183, 186 (Fla. 1st DCA 2010) ("When a court makes a pronouncement of law that is ultimately immaterial to the outcome of the case, it cannot be said to be part of the holding in the case.").

The court in *Celano* reversed and remanded the judgment below because the party seeking specific performance did not establish the contract with "clear, definite and certain proof." *Celano* declined to address the other elements it articulated for specific performance: "Having failed to establish the oral contract with the requisite proof, the appellees' could not obtain specific performance regardless of whether

23

they could prove the additional elements enumerated above." 591 So. 2d at 655. Accordingly, the statement of law regarding these elements was definitionally dicta.

In Florida, dicta in a district court opinion is not binding on trial courts within the district. *Soto v. State*, 711 So. 2d 1275, 1276–77 n.2 (Fla. 4th DCA 1998). *See also In re BFW Liquidation, LLC*, 899 F.3d 1178, 1186 (11th Cir. 2018) ("Dicta is not binding on anyone for any purpose." (cleaned up) (citation omitted)). Thus, *Celano*'s dicta is not binding on trial courts within the First District, and it is not binding on this Court.

Consistent with the holding of *Celano*, the Court should apply the "entire case" rule here.

## CONCLUSION

In sum, the waiver exception to the statute of frauds applies here, and alternatively Plaintiff abandoned a statute of frauds avoidance, meaning this case is governed by general contract principles under Florida law, including *Cahill*. Second, *Castigliano* accurately states Florida law, meaning Plaintiff must still plead and prove no adequate remedy at law exists, further distinguishing this case from *Bilow*, *Bell*, and *Henry*, in light of the Plaintiff's pleading and present record. Lastly, this Court is not bound by *Celano* to apply the contract only rule.

## <u>Local Rule 7.1(F) Certification</u>

I hereby certify that the instant Brief, excluding the case style, signature block,

and certificates, totals 6,091 words.


Respectfully submitted,


<u>/s/ Jordan S. Cohen</u>
Jordan S. Cohen, Esquire (551872)
JCohen@wickersmith.com
WICKER SMITH O'HARA
McCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone:  (954) 847-4800
Facsimile:   (954) 760-9353
*Attorneys for David J. Disiere*


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 5, 2024, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.


<u>/s/ Jordan S. Cohen</u>
Jordan S. Cohen, Esquire